UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LORINDA BROWN,  CASE NO.:

            Plaintiff,

vs.

CHUYEN NGO, Individually and Trading as
Howard Johnson Riverside Inn & Conference
Center,

            Defendant.
_____/ **INJUNCTIVE RELIEF SOUGHT**

## C O M P L A I N T

Plaintiff, LORINDA BROWN, by and through the undersigned counsel, hereby sues the Defendant, CHUYEN NGO, Individually and Trading as Howard Johnson Riverside Inn & Conference Center, for injunctive relief, attorney's fees and litigation expenses pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.* (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG"), and alleges as follows:

### JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. §12181, *et seq.*, based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§2201 and 2202).

2.    Venue is proper in this Court, Omaha Division pursuant to 28 U.S.C. § 1391 (B) and the Local Rules of the United States District Court for the District of Nebraska.

1

## PARTIES

3. Plaintiff, LORINDA BROWN (sometimes referred to as "MS BROWN"), is a resident of the State of Nebraska and this judicial district. Plaintiff suffers from Spinal Muscular Atrophy which is a qualified disability as defined by the ADA and is substantially limited in performing one or more major life activities, including but not limited to walking, standing, grabbing, grasping and/or pinching. Plaintiff requires the use of a wheelchair for mobility purposes. Prior to instituting the instant action, MS BROWN visited the Defendant's property, **Howard Johnson Riverside Inn & Conference Center,** located at and around **3333 Ramada Rd, Grand Island, Nebraska** (hereinafter referred to as the "HOTEL" or "facility"), and was denied full, safe and equal access to the subject property of Defendant which is the subject of this lawsuit due to the barriers to access which exist and its lack of compliance with the ADA. MS BROWN continues to desire and intends to visit the HOTEL but continues to be denied full and safe access due to the barriers to access that continue to exist. Plaintiff's access to the public areas of the HOTEL and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein was denied and/or limited because of her disabilities, and continues to be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the HOTEL, including those set forth in this Complaint.

4. Completely independent of her personal desire to have access to places of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the

disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. She personally visits the public accommodation; she engages all of the barriers to access, or at least all of those that she is able to access; and she tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; she proceeds with legal action to enjoin such discrimination; and she subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of her other subsequent visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises.

5.   In this instance, Plaintiff, in her individual capacity and as a "tester," visited the HOTEL, encountered barriers to access at the public areas of the HOTEL, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendant's ADA violations set forth herein. Plaintiff further continues to desire to and intends to return to the HOTEL but continues to suffer legal harm and legal injury due to her continued and ongoing denial of access due to her disability and the barriers to access that exist.

6.   Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the HOTEL and the actions or inactions described herein.

7.   Defendant, CHUYEN NGO, Individually and Trading as Howard Johnson Riverside Inn & Conference Center, (hereinafter referred to as "CHUYEN NGO" or

3

"Defendant") transacts business in the State of Nebraska and within this judicial district. Defendant is the owner, lessee, lessor and/or operator of the real property and improvements that are the subject of this action, commonly referred to as the **Howard Johnson Riverside Inn and Conference Center, 3333 Ramada Rd., Grand Island, Nebraska.**

## FACTUAL ALLEGATIONS AND CLAIM

8. On July 26, 1990, Congress enacted the Americans with Disabilities Act (hereinafter, the "ADA"), 42 U.S.C. §12101, *et seq.*

9. Congress found, among other things, that:

   (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   (iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

   (iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

   (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United

4

>States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

10. Congress explicitly stated that the purpose of the ADA was to:

   (i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

   (ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

   (iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

11. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. §12181; 28 C.F.R. §36.508(a).

12. The public areas of the HOTEL are public accommodations that offer goods and/or services to the public, in that it includes public parking, public toilet rooms and other common area elements open to the public.

13. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if

5

defendant has 10 or fewer employees and gross receipts of $500,000 or less).  42 U.S.C. §12181, *et seq.*, and 28 C.F.R. § 36.508(a).

14. The public areas of the HOTEL must be, but are not, in compliance with the ADA and ADAAG.

15. Plaintiff has attempted to and has, to the extent possible, accessed the public areas of the HOTEL, but could not fully, safely or equally do so because of her disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the HOTEL that restrict and/or limit her access to the HOTEL and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers to access, conditions and ADA violations more specifically set forth in this Complaint.

16. Plaintiff continues to desire and intends to visit the HOTEL again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at this HOTEL, but continues to be and will be unable to do so because of her disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the HOTEL that restrict and/or limit her access to the HOTEL and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

17. Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the HOTEL, as prohibited by 42 U.S.C. § 12182, *et seq.*, and by failing to remove architectural barriers as required by 42 U.S.C.

6

§12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the HOTEL, including those specifically set forth herein, and make the HOTEL accessible to and usable by persons with disabilities, including Plaintiff.

18. Defendant has discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of her disability) to access the HOTEL and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the HOTEL, include:

   i. There are an insufficient number of accessible parking spaces;
   ii. There are no access aisles provided at the parking area;
   iii. There are no "van" accessible parking spaces provided;
   iv. The accessible signage is too low;
   v. There is no accessible route from the parking spaces to the hotel entrance;
   vi. The entrance doors in series are too heavy;
   vii. The front desk is too high with no lowered section;
   viii. The public telephones in the lobby are too high;
   ix. There is insufficient maneuvering clearance in the Fitness Center;
   x. The fitness Center entrance door is too heavy;
   xi. There is insufficient maneuvering clearance in the Business Center;

### Women's Restroom – Lobby

   xii. The entrance door is too heavy;
   xiii. There is insufficient maneuvering clearance in the toilet stall;
   xiv. There is no accessible signage provided;
   xv. There is no accessible stall provided;
   xvi. The toilet stall contains hardware that requires twisting and/or grasping to operate;
   xvii. The rear grab bar is too short;
   xviii. The coat hook is too high;
   xix. There is insufficient knee clearance under the lavatory;
   xx. The soap dispenser is out of reach;
   xxi. The paper towel dispenser is out of reach range;

**Women's Restroom by Pool Entry:**

xxii. The entrance door is too heavy;
xxiii. There is insufficient maneuvering clearance at the exit door;
xxiv. There is insufficient maneuvering clearance in the toilet stall;
xxv. There is no accessible signage provided;
xxvi. There is no accessible stall provided;
xxvii. The rear grab bar is too short;
xxviii. The coat hook is too high;
xxix. There is insufficient knee clearance under the lavatory;
xxx. The soap dispenser is out of reach;

xxxi. The guestroom designated as accessible contain barriers to access, including but not limited to: a) heavy doors; b) insufficient maneuvering clearance under the bed for Hoyer Lift; c) insufficient knee clearance at the entryway at the sink & microwave counter; d) no roll-in shower is provided; e) improper flush valves; f) towel racks that are too high; g) no rear grab bars; and h) improper shower hardware.

19. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the public areas of the HOTEL as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said barriers to access and discriminatory acts violating the ADA be identified.

20. Plaintiff has attempted to gain access to the HOTEL, but because of her disability has been denied access to, and have been denied the benefits of services, programs and activities of the HOTEL, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

21. The removal of the physical barriers to access, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. §12182(b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R. § 36.304.

22. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the HOTEL, including those set forth herein.

23. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorneys' fees, costs and expenses from Defendant pursuant to 42 U.S.C. §§ 12205 and 12117.

24. Pursuant to 42 U.S.C. §12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject HOTEL to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject HOTEL until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court declare that the HOTEL is violative of the ADA issue a permanent injunction enjoining Defendant from continuing its discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject HOTEL to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject HOTEL until the barriers are removed and requisite alterations are completed,

and awarding Plaintiff her reasonable attorneys' fees, expert fees, costs and litigation expenses incurred in this action.

Dated: March 3, 2009                Respectfully submitted,


                                    By:____/s/ Marvin L. Andersen_____
                                        Marvin L. Andersen, Esquire
                                        NE Bar No: 22377
                                        Michael P. Kneale, Esquire
                                        NE Bar No: 19324
                                        Bradley, Elsbernd, Emerton, Andersen
                                          & Kneale, P.C.
                                        202 W. Third Street
                                        P.O. Box 639
                                        Grand Island, NE  68802-0639
                                        marvin@bradleylawoffice.com
                                        (308)382-2128-telephone
                                        (308)382-2014-facsimile
                                        Stephan M. Nitz
                                        Florida Bar No. 45561
                                        snitz@szalaw.com
                                        Schwartz Zweben, L.L.P.
                                        3876 Sheridan Street
                                        Hollywood, Florida 33021
                                        Telephone:    (954) 966-2483
                                        Facsimile:    (954) 966-2566
                                        Attorneys for Plaintiff